Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES P. KOCORAS | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7264 | **DATE** | September 24, 2012 |
| **CASE TITLE** | John Atkocaitis (#M-21409) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* (Doc [3]) is granted. The Court authorizes and orders the trust fund officer at the plaintiff's place of incarceration to deduct $5.30 from the plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this Order. On the Court's own motion, Thomas Dart, Cermak Health Services, James Cavanaugh, and the City of Chicago are dismissed as defendants on preliminary review pursuant to 28 U.S.C. § 1915A. The Clerk is directed to: (1) send a copy of this Order to the trust fund officer at the Logan Correctional Center; (2) issue summonses for service on all other defendants by the U.S. Marshal; and (3) send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this Order.

■ [For further details see text below.]     **Docketing to mail notices.**

## STATEMENT

The plaintiff, currently an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, correctional officials and health care providers at the Cook County Jail, violated the plaintiff's constitutional rights by acting with deliberate indifference to his safety and medical needs. More specifically, the plaintiff alleges that he was assigned to a bunk bed despite a medical condition that contra-indicated such placement, and that he fell from the bed and suffered serious injury as a result.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $5.30. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall **(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. This payment obligation will follow the plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the Court finds that the plaintiff has articulated a colorable--if borderline--cause of action against jail health care providers. The plaintiff alleges that detainees on psychotropic medications were not supposed to be assigned to bunk beds due to the high risk and history of their falling and injuring themselves as a result of vertigo, balance problems, and sudden drops in blood pressure. The plaintiff further alleges that precisely this occurrence happened to him. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). Furthermore, prison officials must take appropriate steps to protect inmates from a known, substantial risk of serious injury. *See, e.g., Rice ex rel. Rice v. Correctional Medical Services*, 675 F.3d 650, 669 (7th Cir. 2012) (citations omitted). The plaintiff's allegations of deliberate indifference state an arguable claim against the prison health care providers.

However, Sheriff Thomas Dart, Cermak Health Services, James Cavanaugh, and the City of Chicago are summarily dismissed as defendants on preliminary review. To be liable under § 1983, an individual must have been "personally responsible for the deprivation of a constitutional right." *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citation omitted). A supervisor may be liable for a subordinate's deprivation of a constitutional right only if the supervisor had knowledge of the subordinate's conduct, or approved of the conduct and basis for it. *Id.* (citation omitted). The plaintiff has alleged no facts suggesting that either Sheriff Dart or the County Board President had any direct, personal involvement in the events giving rise to this action. Nor has the plaintiff indicated that the alleged violation of his constitutional rights occurred at those individuals' direction or with their knowledge and consent. *Id.*

The Court likewise discerns no basis for liability on the part of the City of Chicago. The City does not operate or manage the jail, a county facility.

Finally, Cermak Health Services is not a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993); *Daniel v. Dart*, No. 11 C 2030, 2011 WL 1539636, *2 (N.D. Ill. Apr. 20, 2011). The plaintiff may proceed only against the individual health care providers who were allegedly responsible for his assignment to a bunk bed.
**CONTINUED)**

| STATEMENT (continued) |
|---|

      The Clerk shall issue summonses forthwith for service on defendants Couture, Carrington, and Brar. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Cook County Department of Corrections and/or Cermak Health Services shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

      The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to the plaintiff.

**Date: September 24, 2012**

*/s/ Charles P. Kocoras*
**CHARLES P. KOCORAS**
**U.S. District Judge**